Kavon Adli (State Bar No. 203040)
kavon@tilg.us
Seth W. Wiener (State Bar No. 203747)
seth@tilg.us
THE INTERNET LAW GROUP
9107 Wilshire Boulevard, Suite 450
Beverly Hills, California 90210
Telephone: (310) 910-1496
Facsimile: (310) 356-3257

Attorneys for Defendant and Counter-Claimant
Reply! Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIABLO MEDIA, LLC, a Colorado Limited Liability Company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REPLY! INC., a Delaware corporation,<br><br>　　　　Defendant. | CASE NO.: 3:13-cv-5382-NC<br><br>**REPLY! INC.'S ANSWER TO COMPLAINT AND COUNTER-COMPLAINT** |
| REPLY! INC., a Delaware corporation,<br><br>　　　　Counter-Claimant,<br><br>　　v.<br><br>DIABLO MEDIA, LLC, a Colorado Limited Liability Company<br><br>　　　　Counter-Defendant. | |

## **ANSWER**

Defendant and Counter-Claimant Reply! Inc. ("Reply!") answers the allegations contained in the Complaint for Damages ("Complaint") brought by Plaintiff and Counter-Defendant Diablo Media, LLC ("Diablo") as follows:

## INTRODUCTION

1. Answering the allegations contained in Paragraph 1 of Diablo's Complaint, Reply! is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

2. Answering the allegations contained in Paragraph 2 of Diablo's Complaint, Reply! is without sufficient knowledge or information to form a belief as to the truth of the allegation that "Diablo works with a roster of website and blog owners …. to drive potential consumers to its clients …." And on that basis denies said allegation. Reply! admits that "[t]he directed flow of consumers from publisher to advertiser is commonly referred to within the business as Internet 'traffic' or 'leads,' dependent on the type of action or information ultimately sought from the consumer."

3. Answering the allegations contained in Paragraph 3 of Diablo's Complaint, Reply! admits the allegations contained therein.

4. Answering the allegations contained in Paragraph 4 of Diablo's Complaint, Reply! admits the allegations contained therein.

5. Answering the allegations contained in Paragraph 5 of Diablo's Complaint, Reply! admits that "Diablo and Reply have entered into two written agreements …" Except as heretofore admitted, Reply denies the remaining allegations contained therein.

6. Answering the allegations contained in Paragraph 6 of Diablo's Complaint, Reply! admits that "In the first agreement, Diablo agreed to sell traffic to Reply." Except as heretofore admitted, Reply denies the remaining allegations contained therein.

7. Answering the allegations contained in Paragraph 7 of Diablo's Complaint, Reply! admits that "[i]n the second agreement, Reply agreed to sell traffic to Diablo." Except as heretofore admitted, Reply denies the remaining allegations contained therein.

8. Answering the allegations contained in Paragraph 8 of Diablo's Complaint, Reply! denies the allegations contained therein.

## JURISDICTION AND VENUE

9. Answering the allegations contained in Paragraph 9 of Diablo's Complaint, Reply! admits the allegations contained therein.

10. Answering the allegations contained in Paragraph 10 of Diablo's Complaint, Reply! admits the allegations contained therein.

11. Answering the allegations contained in Paragraph 11 of Diablo's Complaint, Reply! admits the allegations contained therein.

## INTRADISTRICT ASSIGNMENT

12. Answering the allegations contained in Paragraph 12 of Diablo's Complaint, Reply! admits the allegations contained therein.

## PARTIES

13. Answering the allegations contained in Paragraph 13 of Diablo's Complaint, Reply! is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14. Answering the allegations contained in Paragraph 14 of Diablo's Complaint, Reply! admits the allegations contained therein.

## FACTUAL ALLEGATIONS

### The Traffic Agreement

15. Answering the allegations contained in Paragraph 15 of Diablo's Complaint, Reply! admits the allegations contained therein.

16. Answering the allegations contained in Paragraph 16 of Diablo's Complaint, Reply! admits that "the Traffic Agreement … was drafted by Reply." Except as heretofore admitted, Reply denies the remaining allegations contained therein.

17. Answering the allegations contained in Paragraph 17 of Diablo's Complaint, Reply! admits that "[u]nder the Traffic Agreement, Diablo agreed to provide, and Reply agreed to buy, Internet traffic through a series of 'Enhanced Clicks.'" Except as heretofore admitted, Reply denies the remaining allegations contained therein.

18. Answering the allegations contained in Paragraph 18 of Diablo's Complaint, Reply! admits the allegations contained therein.

19. Answering the allegations contained in Paragraph 19 of Diablo's Complaint, Reply! is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

20. Answering the allegations contained in Paragraph 20 of Diablo's Complaint, Reply! is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21. Answering the allegations contained in Paragraph 21 of Diablo's Complaint, Reply! is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22. Answering the allegations contained in Paragraph 22 of Diablo's Complaint, Reply! admits the allegations contained therein.

23. Answering the allegations contained in Paragraph 23 of Diablo's Complaint, Reply! admits the allegations contained therein.

24. Answering the allegations contained in Paragraph 24 of Diablo's Complaint, Reply! admits the allegations contained therein.

25. Answering the allegations contained in Paragraph 25 of Diablo's Complaint, Reply! denies the allegations contained therein.

26. Answering the allegations contained in Paragraph 26 of Diablo's Complaint, Reply! denies the allegations contained therein.

27. Answering the allegations contained in Paragraph 27 of Diablo's Complaint, Reply! denies the allegations contained therein.

28. Answering the allegations contained in Paragraph 28 of Diablo's Complaint, Reply! admits the allegations contained therein.

29. Answering the allegations contained in Paragraph 29 of Diablo's Complaint, Reply! denies the allegations contained therein.

30. Answering the allegations contained in Paragraph 30 of Diablo's Complaint, Reply! admits that "[o]ne reason Reply has provided regarding its refusal to pay Diablo is that the Enhanced

Clicks provided by Diablo are 'bad.'" Except as heretofore admitted, Reply denies the remaining allegations contained therein.

31. Answering the allegations contained in Paragraph 31 of Diablo's Complaint, Reply! denies the allegations contained therein.

### The Data Management Agreement

32. Answering the allegations contained in Paragraph 32 of Diablo's Complaint, Reply! admits the allegations contained therein.

33. Answering the allegations contained in Paragraph 33 of Diablo's Complaint, Reply! denies the allegations contained therein.

34. Answering the allegations contained in Paragraph 34 of Diablo's Complaint, Reply! is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

35. Answering the allegations contained in Paragraph 35 of Diablo's Complaint, Reply! denies the allegations contained therein.

36. Answering the allegations contained in Paragraph 36 of Diablo's Complaint, Reply! denies the allegations contained therein.

37. Answering the allegations contained in Paragraph 37 of Diablo's Complaint, Reply! denies the allegations contained therein.

38. Answering the allegations contained in Paragraph 38 of Diablo's Complaint, Reply! denies that "Reply did not demand payment under the Data Management Agreement on September 1, 2013," and admits that it "now claims that payment is due and owing on that date."

39. Answering the allegations contained in Paragraph 39 of Diablo's Complaint, Reply! denies the allegations contained therein.

40. Answering the allegations contained in Paragraph 40 of Diablo's Complaint, Reply! denies the allegations contained therein.

### FIRST CLAIM FOR RELIEF

(Breach of Contract)

41. Answering the allegations contained in Paragraph 41 of Diablo's Complaint, Reply! incorporates by reference the allegations contained in Paragraphs 1 through 40 of this Answer.

42. Answering the allegations contained in Paragraph 42 of Diablo's Complaint, Reply! admits the allegations contained therein.

43. Answering the allegations contained in Paragraph 43 of Diablo's Complaint, Reply! admits the allegations contained therein.

44. Answering the allegations contained in Paragraph 44 of Diablo's Complaint, Reply! denies the allegations contained therein.

45. Answering the allegations contained in Paragraph 45 of Diablo's Complaint, Reply! denies the allegations contained therein.

46. Answering the allegations contained in Paragraph 46 of Diablo's Complaint, Reply! denies the allegations contained therein.

47. Answering the allegations contained in Paragraph 47 of Diablo's Complaint, Reply! denies the allegations contained therein.

## SECOND CLAIM FOR RELIEF

### (Fraudulent Inducement)

48. Answering the allegations contained in Paragraph 48 of Diablo's Complaint, Reply! incorporates by reference the allegations contained in Paragraphs 1 through 40 of this Answer.

49. Answering the allegations contained in Paragraph 49 of Diablo's Complaint, Reply! denies the allegations contained therein.

50. Answering the allegations contained in Paragraph 50 of Diablo's Complaint, Reply! denies the allegations contained therein.

51. Answering the allegations contained in Paragraph 51 of Diablo's Complaint, Reply! denies the allegations contained therein.

52. Answering the allegations contained in Paragraph 52 of Diablo's Complaint, Reply! denies the allegations contained therein.

53. Answering the allegations contained in Paragraph 53 of Diablo's Complaint, Reply! denies the allegations contained therein.

54. Answering the allegations contained in Paragraph 54 of Diablo's Complaint, Reply! denies the allegations contained therein.

### THIRD CLAIM FOR RELIEF

### (Declaratory Relief)

55. Answering the allegations contained in Paragraph 55 of Diablo's Complaint, Reply! incorporates by reference the allegations contained in Paragraphs 1 through 40 of this Answer.

56. Answering the allegations contained in Paragraph 56 of Diablo's Complaint, Reply! admits the allegations contained therein.

57. Answering the allegations contained in Paragraph 57 of Diablo's Complaint, Reply! admits the allegations contained therein.

58. Answering the allegations contained in Paragraph 58 of Diablo's Complaint, Reply! admits the allegations contained therein.

59. Answering the allegations contained in Paragraph 59 of Diablo's Complaint, Reply! denies that Diablo is entitled to the relief sought.

### PRAYER

Reply! denies that it is responsible for any damages that are alleged in the Prayer for Relief.

### AFFIRMATIVE DEFENSES

Reply! asserts the following affirmative defenses to Diablo's Complaint.

### FIRST AFFIRMATIVE DEFENSE

It is Diablo's burden to show that the Complaint and each allegation contained therein states a claim against Diablo upon which relief may be granted. To the extent that Diablo fails to meet this burden, Diablo's claims are barred.

### SECOND AFFIRMATIVE DEFENSE

The Complaint and each and every alleged cause of action therein fail to state facts sufficient to constitute a cause of action against Reply!

### THIRD AFFIRMATIVE DEFENSE

The Complaint and each and every alleged cause of action therein is barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure Sections 337 and 338.

### FOURTH AFFIRMATIVE DEFENSE

Diablo is barred from asserting each and all of the purported causes of action, or otherwise asserting any right to relief against Reply!, by reason of the inequitable conduct of Diablo and its agents, amounting to unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Diablo's claims are barred in whole or in part by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Diablo is estopped to assert the claims alleged.

### SEVENTH AFFIRMATIVE DEFENSE

Diablo has waived its rights with respect to the claims alleged, by reason of which the claims are barred in whole or in part.

### EIGHTH AFFIRMATIVE DEFENSE

The damages, of which Diablo complains, if any, were proximately caused by the acts and/or omissions of parties other than Reply!.

### NINTH AFFIRMATIVE DEFENSE

Diablo has failed to mitigate its damages, if any.

### TENTH AFFIRMATIVE DEFENSE

Diablo's claims are barred, in whole or in part, by the parol evidence rule.

### ELEVENTH AFFIRMATIVE DEFENSE

By the acts and conduct of Diablo, Diablo failed to perform material terms of the contracts sued upon, as required to be performed on its part, and Diablo's claims as alleged in the Complaint are barred as a proximate result thereof.

### TWELFTH AFFIRMATIVE DEFENSE

Diablo has suffered no damage, injury or loss as a result of any act or omission of Reply!.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

Diablo has failed to join necessary parties under Rule 19 of the Federal Rules of Civil Procedure.

### FIFTEENTH AFFIRMATIVE DEFENSE

Diablo's claims are barred in whole or in part because Reply! completely and fully performed and discharged any and all obligations and legal duties, if any, that it had to Diablo.

### SIXTEENTH AFFIRMATIVE DEFENSE

Diablo's claimed damages are not recoverable as a matter of law and/or pursuant to the contractual limitations contained within the contracts at issue.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Diablo's claims are barred in whole or in part because Diablo excused Reply! from having to perform all of the terms and conditions of the contracts at issue.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Diablo's claims are barred in whole or in part because Reply! discharged its obligations under the contracts at issue.

### NINETEENTH AFFIRMATIVE DEFENSE

Diablo expressly or impliedly consented to the actions alleged to have caused it damages.

### TWENTIETH AFFIRMATIVE DEFENSE

Diablo has failed to set out its claims with sufficient particularity to permit Reply! to raise all appropriate defenses, and Reply! reserves its right to amend and/or supplement this Answer with additional affirmative defenses.

WHEREFORE, Reply! requests a judgment as follows:

1. That Diablo take nothing by reason of its Complaint;

2. A declaration that Reply! has no obligation to Diablo for any amounts claimed in the Complaint;

3. That Reply! be awarded costs of suit incurred herein;

4. That Reply! be awarded attorney's fees; and

5.      For such other and further relief as the Court deems appropriate.

## COUNTER-COMPLAINT

Counter-Claimant Reply! Inc. ("Reply") alleges counter-claims against Counter-Defendant Diablo Media, LLC ("Diablo") as follows:

### JURISDICTION

1.      Reply!'s claims against Diablo arise out of the same transactions or occurrences that are the subject matter of Diablo's Complaint in this action, and this Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

### PARTIES

2.      Reply! is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business in San Ramon, California.

3.      Reply! is informed and believes, and thereon alleges, that Diablo is a limited liability company organized and existing under the laws of the State of Colorado, and has its principal place of business in Denver, Colorado.

### FACTUAL ALLEGATIONS

#### Reply! Traffic Selling Agreement

4.      On or about June 22, 2011, Reply! and Diablo entered into the Reply! Traffic Seller Agreement, a true and correct copy of which is attached to the Complaint as Exhibit 1.

5.      Under the Reply! Traffic Seller Agreement, Diablo was provided with access to the Reply! Marketplace system for the delivery of Diablo customers who clicked on links presented by Diablo. Once customers were delivered to the Reply! marketplace system, Reply! would then ensure that such customers were able to specify the type of service that they were interested in receiving, and then transferred to a relevant Reply! advertiser designated by the Reply! marketplace system ("Enhanced Clicks"). The Reply! Traffic Seller Agreement prohibited Enhanced Clicks generated by "[u]se of false data" and "[a]ny generation of Enhanced Clicks in bad faith …"

6.      In breach of the Reply! Traffic Seller Agreement, Diablo provided customer leads that used false data and/or were generated in bad faith. For example, a file provided by Diablo on October 3, 2013 for the FordDirect campaign for the month of September 2013 showed the following irregularities:

- 3,395 of 6,571 leads had duplicate last names;
- 1,332 leads from zip code 92110 which had emails structures of firstnamelastnamexxx@hotmail.com
- 270 leads from the zip code 10001 with many having the same first name and/or last name, bogus email addresses, and different email addresses for the same name;
- 61 leads from zip code 90254 with many having the first name, last name as Lady Gaga, and an email structure of firstnamelastnamexx@domain.com;
- 14 leads from zip code 05777 with all 14 leads having the same email address structure, firstnamelastnamexxxH@outlook.com;
- 37 leads from zip code 35983 with the majority generated on September 28 and September 29, and all of these leads having the same email address structure, firstnamelastnamexxx@domain.com;
- 37 leads from zip code 92865 with the email structure, firstnamelawnamexxx@hotmail.com;
- 401 leads with the first name, last name combination of James Lake;
- 155 leads with the first name, last name combination of James Jake;
- 46 leads with the first name, last name combination of Lady Gaga;
- 25 leads with the first name, last name combination of Douglas Jackovich;
- 23 leads with the first name, last name combination of Williams Eads.

7. In addition, many of the other leads provided by Diablo had addresses that were incorrect.

8. As a result of the fraudulent leads delivered by Diablo to Reply!, Reply! was required to provide a credit in the approximate amount of $65,000.00 to FordDirect.

9. Reply! alleges, on information and belief, that in or about October 2013, Diablo's Chief Executive Officer, Ben Smith, posted defamatory statements regarding Reply! on Facebook.com.

### Advertising Insertion Order

10. On or about July 31, 2013, Reply! and Diablo entered into an Advertising Insertion Order, a true and correct copy of which is attached to the Complaint as Exhibit 2.

-11-

11. Under the Advertising Insertion Order, Diablo agreed to purchase 75,000 email addresses generated by Reply! for a payment of $20,000 due on September 1, 2013.

12. Reply! generated 75,000 email addresses, and delivered the email addresses to Diablo.

13. Diablo failed to pay Reply! for the email addresses.

## FIRST CAUSE OF ACTION

(Breach of Contract – Reply! Traffic Selling Agreement)

14. Reply! incorporates by reference the preceding allegations of this Counter-Complaint.

15. Reply! and Diablo entered into the Reply! Traffic Selling Agreement.

16. Reply! did all, or substantially all, of the significant things that the Reply! Traffic Selling Agreement required it to do.

17. Diablo breached the Reply! Traffic Selling Agreement by provided leads to Reply! that were generated by "[u]se of false data" and/or " in bad faith …"

18. Reply! was harmed by Diablo's breach of the Reply! Traffic Selling Agreement.

## SECOND CAUSE OF ACTION

(Breach of Contract – Advertising Insertion Order)

19. Reply! incorporates by reference the preceding allegations of this Counter-Complaint.

20. Reply! and Diablo entered into the Advertising Insertion Order.

21. Reply! did all, or substantially all, of the significant things that the Advertising Insertion Order required it to do.

22. Diablo breached the Advertising Insertion Order by failing to pay Reply! the $20,000 due under the Advertising Insertion Order.

23. Reply! was harmed by Diablo's breach of the Advertising Insertion Order.

## THIRD CAUSE OF ACTION

(Fraud)

24. Reply! incorporates by reference the preceding allegations of this Counter-Complaint.

25. On or about September 15, 2011, Diablo, though its Vice-President of Sales, Rick Mirsky, who was authorized to act on behalf of Diablo, promised in writing to Reply! that Diablo would

provide leads to Reply! that were not generated by "[u]se of false data" or generated "in bad faith" by Diablo.

26. This promise was important to Reply!.

27. Diablo did not intend to perform this promise.

28. Diablo intended that Reply! rely on this promise.

29. Reply! reasonably relied on Diablo's promise by entering into the Reply! Traffic Selling Agreement, and by distributing the leads provided by Diablo on to the Reply! Marketplace system.

30. Diablo provided leads to Reply! that were generated by "[u]se of false data" and/or "in bad faith."

31. Reply! was harmed, and Reply!'s reliance on Diablo's promise was a substantial factor in causing its harm.

## FOURTH CAUSE OF ACTION

(Intentional Interference With Contractual Relations)

32. Reply! incorporates by reference the preceding allegations of this Counter-Complaint.

33. There was a contract between Reply! and FordDirect.

34. Diablo knew of the contract between Reply! and FordDirect.

35. Diablo intended to disrupt the performance of the contract between Reply! and FordDirect.

36. Diablo's conduct, including providing leads to Reply! that were generated by "[u]se of false data" and/or "in bad faith," made performance of the contract between Reply! and FordDirect more expensive and difficult.

37. Reply! was harmed, and Diablo's conduct was a substantial factor in causing Reply! harm.

## FIFTH CAUSE OF ACTION

(Intentional Interference With Prospective Economic Advantage)

38. Reply! incorporates by reference the preceding allegations of this Counter-Complaint.

39. Reply! and FordDirect were in an economic relationship that probably would have resulted in an economic benefit to Reply!.

40. Diablo knew of the relationship between Reply! and FordDirect.

41. Diablo intended to disrupt the relationship between Reply! and FordDirect.

42. Diablo engaged in wrongful conduct, including providing leads to Reply! that were generated by "[u]se of false data" and/or "in bad faith."

43. Diablo's wrongful conduct disrupted the relationship between Reply! and FordDirect.

44. Reply! was harmed, and Diablo's conduct was a substantial factor in causing Reply! harm.

PRAYER FOR RELIEF

WHEREFORE, Reply! prays for judgment against Diablo, and each of them, as set forth below:

1. For compensatory damages according to proof;
2. For punitive and/or exemplary damages according to proof;
3. For pre-judgment and post-judgment interest;
4. For attorneys' fees;
5. For costs of suit;
6. For such other and further relief as the court may deem just and proper.

Dated: January 13, 2014                THE INTERNET LAW GROUP

By: _____
Seth W. Wiener
Attorneys for Defendant and Counter-Claimant
REPLY! INC.

**DEMAND FOR JURY TRIAL**

Defendant and Counter-Claimant demands a trial by jury on all claims and counter-claims so triable.

Dated:  January 13, 2014                    THE INTERNET LAW GROUP

                                            By: _____
                                            Seth W. Wiener
                                            Attorneys for Defendant and Counter-Claimant
                                            REPLY! INC.

-15-

ANSWER TO COMPLAINT AND COUNTER-COMPLAINT

Kavon Adli (State Bar No. 203040)
kavon@tilg.us
Seth W. Wiener (State Bar No. 203747)
seth@tilg.us
THE INTERNET LAW GROUP
9107 Wilshire Boulevard, Suite 450
Beverly Hills, California 90210
Telephone: (310) 910-1496
Facsimile: (310) 356-3257

Attorneys for Defendant and Counter-Claimant
Reply! Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DIABLO MEDIA, LLC, a Colorado Limited Liability Company, | ) ) ) | CASE NO.: 3:13-cv-5382-NC |
|---|---|---|
| Plaintiff, | ) ) | **PROOF OF SERVICE** |
| v. | ) ) | |
| REPLY! INC., a Delaware corporation, | ) ) | |
| Defendant. | ) | |
| REPLY! INC., a Delaware corporation, | ) ) | |
| Counter-Claimant, | ) ) | |
| v. | ) ) | |
| DIABLO MEDIA, LLC, a Colorado Limited Liability Company | ) ) ) | |
| Counter-Defendant. | ) | |

I, Seth W. Wiener, declare:

I am employed in Contra Costa County, California. I am over eighteen years of age and not a party to this action. My business address is 609 Karina Court, San Ramon, CA 94582. On December 12, 2013, I served a true and correct copy of the following document(s):

DEFENDANT REPLY! INC.'S ANSWER TO COMPLAINT AND COUNTER-COMPLAINT

on the following parties:

    Karl S. Kronenberger, Jeffrey M. Rosenfeld, Virginia A. Sanderson
    Kronenberger Rosenfeld, LLC, 150 Post Street, Suite 520, San Francisco, CA 94108

X ELECTRONICALLY: I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and served was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Proof of Service was executed on January 13, 2014, at San Ramon, California.

_____
Seth W. Wiener