**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Virginia A. Sanderson (Bar No. 240241)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
ginny@KRInternetLaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DIABLO MEDIA, LLC**, a Colorado limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**REPLY! INC.**, a Delaware corporation,<br><br>Defendant. | Case No. 4:13-cv-05382<br><br>**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTER-COMPLAINT** |



Plaintiff Diablo Media, LLC ("Plaintiff"), in answer to the Counter-Complaint of Defendant Reply! Inc. ("Defendant"), herein admits, denies, and avers as follows:

## JURISDICTION

1. Plaintiff admits the allegations in Paragraph 1.

## PARTIES

2. Plaintiff admits the allegations in Paragraph 2.

3. Plaintiff admits the allegations in Paragraph 3.

## FACTUAL ALLEGATIONS

### Reply! Traffic Selling Agreement

4. Plaintiff denies that the parties entered into the Traffic Selling Agreement on June 22, 2011. Except as expressly denied, Plaintiff admits the allegations in Paragraph 4.

5. Plaintiff lacks sufficient knowledge, information, or belief to respond to the allegations in Paragraph 5 concerning Defendant's actions "once customers were delivered to the Reply! marketplace system," and on that basis denies the same. Except as expressly denied, Plaintiff admits the allegations in Paragraph 5.

6. Plaintiff denies the allegations in Paragraph 6.

7. Plaintiff denies the allegations in Paragraph 7.

8. Plaintiff lacks sufficient knowledge, information, or belief to respond to the allegations in Paragraph 8 concerning a credit provided by Defendant to its client, and on that basis denies the same. Plaintiff further denies all remaining allegations in Paragraph 8.

9. Plaintiff denies the allegations in Paragraph 9.

### Advertising Insertion Order

10. Plaintiff admits the allegations in Paragraph 10.

11. Plaintiff denies the allegations in Paragraph 11.

12. Plaintiff denies the allegations in Paragraph 12.

13. Plaintiff denies the allegations in Paragraph 13.

## FIRST CAUSE OF ACTION

### (Breach of Contract – Reply! Traffic Selling Agreement)

14. Plaintiff incorporates by reference its responses in the preceding paragraphs.

15. Plaintiff admits the allegations in Paragraph 15.

16. Plaintiff denies the allegations in Paragraph 16.

17. Plaintiff denies the allegations in Paragraph 17.

18. Plaintiff denies the allegations in Paragraph 18.

## SECOND CAUSE OF ACTION

### (Breach of Contract – Advertising Insertion Order)

19. Plaintiff incorporates by reference its responses in the preceding paragraphs.

20. Plaintiff admits the allegations in Paragraph 20.

21. Plaintiff denies the allegations in Paragraph 21.

22. Plaintiff denies the allegations in Paragraph 22.

23. Plaintiff denies the allegations in Paragraph 23.

## THIRD CAUSE OF ACTION

### (Fraud)

24. Plaintiff incorporates by reference its responses in the preceding paragraphs.

25. Plaintiff denies the allegations in Paragraph 25.

26. Plaintiff denies the allegations in Paragraph 26.

27. Plaintiff denies the allegations in Paragraph 27.

28. Plaintiff denies the allegations in Paragraph 28.

29. Plaintiff denies the allegations in Paragraph 29.

30. Plaintiff denies the allegations in Paragraph 30.

31. Plaintiff denies the allegations in Paragraph 31.

//

## FOURTH CAUSE OF ACTION

### (Intentional Interference With Contractual Relations)

32. Plaintiff incorporates by reference its responses in the preceding paragraphs.

33. Plaintiff lacks sufficient knowledge, information, or belief to respond to the allegations in Paragraph 33, and on that basis denies the same.

34. Plaintiff denies the allegations in Paragraph 34.

35. Plaintiff denies the allegations in Paragraph 35.

36. Plaintiff denies the allegations in Paragraph 36.

37. Plaintiff denies the allegations in Paragraph 37.

## FIFTH CAUSE OF ACTION

### (Intentional Interference With Prospective Economic Advantage)

38. Plaintiff incorporates by reference its responses in the preceding paragraphs.

39. Plaintiff lacks sufficient knowledge, information, or belief to respond to the allegations in Paragraph 39, and on that basis denies the same.

40. Plaintiff denies the allegations in Paragraph 40.

41. Plaintiff denies the allegations in Paragraph 41.

42. Plaintiff denies the allegations in Paragraph 42.

43. Plaintiff denies the allegations in Paragraph 43.

44. Plaintiff denies the allegations in Paragraph 44.

## AFFIRMATIVE DEFENSES

Plaintiff hereby sets forth below its affirmative defenses. Each defense is asserted as to all causes of action unless otherwise noted. By setting forth these affirmative defenses, Plaintiff does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Defendant. Moreover, nothing

stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Defendant's allegations.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

As Plaintiff's first affirmative defense, Plaintiff asserts that Defendant has failed to state a cause of action against Plaintiff upon which relief may be granted. Defendant has failed to plead the prima facie elements of its asserted causes of action.

### SECOND AFFIRMATIVE DEFENSE

### (Unconscionability)

As Plaintiff's second affirmative defense, Plaintiff asserts that Defendant's claims related to the Advertising Insertion Order are barred, in whole or in part, by reason of section 1670.5 of the Civil Code, the statutory and common law prohibitions on enforcement of unconscionable contracts, the prohibition on receipt of benefits accruing through unconscionable conduct, and the unconscionability of the Defendant's acts and claims.

### THIRD AFFIRMATIVE DEFENSE

### (Frustration of Purpose)

As Plaintiff's third affirmative defense, Plaintiff asserts that, as a result of Defendant's conduct, and through no fault of Plaintiff, the purposes recognized by both Defendant and Plaintiff as the basis for the Advertising Insertion Order have been fundamentally frustrated and defeated. Accordingly, Defendant's claims are without merit.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As Plaintiff's fourth affirmative defense, Plaintiff asserts that Defendant's claims are barred, in whole or in part, because Defendant failed to use ordinary care and diligence to take all necessary steps to mitigate and minimize any damages Defendant claims to have sustained and for which it seeks recovery in this action.

## FIFTH AFFIRMATIVE DEFENSE

### (Contribution)

As Plaintiff's fifth affirmative defense, Plaintiff asserts that the acts and omissions alleged in the Counter-Complaint, as well as the damages and harms alleged therein, which are expressly denied, were caused and/or contributed to by the acts and omissions of third parties over which Plaintiff had no control or any duty to control.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As Plaintiff's sixth affirmative defense, Plaintiff asserts that Defendant's claims are barred in whole or in part by the doctrine of unclean hands due to Defendant's fraudulent, unethical and/or illegal conduct with relation to the subject of this action.

## SEVENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

As Plaintiff's seventh affirmative defense, Plaintiff asserts that Defendant's claims are barred in whole or in part by Defendant's affirmative conduct, which amounted to an assurance to Plaintiff that Defendant would not pursue the claims alleged.

## EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

In general, consent by a Defendant will preclude subsequent litigation as to the matters to which consent is given. As Plaintiff's eighth affirmative defense, Plaintiff asserts that Defendant consented to the complained of conduct.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

As Plaintiff's ninth affirmative defense, Plaintiff asserts that Defendant's claims, and each of them, are barred by waiver.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

As Plaintiff's tenth affirmative defense, Plaintiff asserts that Defendant's claims,

and each of them, are barred by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

As Plaintiff's eleventh affirmative defense, Plaintiff asserts that Defendant's claims, and each of them, are ambiguous and unintelligible as to the duties, if any, that Plaintiff owed to Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Illegal Penalty)

As Plaintiff's twelfth affirmative defense, Plaintiff asserts that the damages Defendant seeks constitute an illegal penalty and are not allowable at law.

## ADDITIONAL AFFIRMATIVE DEFENSES

Plaintiff hereby gives notice that it intends to rely on any additional affirmative defenses that become available or apparent during discovery and thus reserves the right to amend this answer to assert such additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Defendant's Counter-Complaint, Plaintiff prays that judgment be rendered in its favor and that Defendant take nothing on its counter-claims, that Defendant's counter-claims, and each of them, be dismissed in their entirety with prejudice, and that costs and attorneys' fees be awarded to Plaintiff.

Respectfully Submitted,

DATED: February 3, 2014            **KRONENBERGER ROSENFELD, LLP**


By:   s/ Virginia Sanderson
         Virginia Sanderson

Attorneys for Plaintiff