UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DIABLO MEDIA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> REPLY! INC., <br><br> Defendant. | Case No. 13-cv-05382 NC <br><br> **ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> Re: Dkt. No. 1 |

Diablo Media, LLC filed this case for breach of contract, fraudulent inducement, and declaratory relief, invoking this Court's jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332. Dkt. No. 1 ¶ 9. Because the complaint does not contain sufficient allegations to establish the citizenship of all relevant parties for diversity purposes, the Court issues this order *sua sponte* to address the possible lack of federal subject matter jurisdiction in this action.

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, the complaint does not adequately allege the citizenship of plaintiff Diablo. The complaint alleges that "Reply is a citizen of Delaware and California, and Diablo is a citizen of Colorado." Dkt. No. 1 ¶ 9. The complaint further alleges that "Plaintiff Diablo Media, LLC is a Colorado limited liability company with its principal place of business located in Denver, Colorado." *Id.* ¶ 13. However, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, Diablo must inform the Court of the citizenship of all of its members. Moreover, if any member of Diablo is itself a partnership or association (or another LLC), the Court needs to know the citizenship of each "sub-member" as well. *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).

By February 26, 2014, Diablo must amend its complaint to plead an adequate basis for diversity jurisdiction, or file a response showing cause why this action should not be dismissed for lack of federal subject matter jurisdiction.

The initial case management conference currently scheduled for February 19, 2014 is continued to March 12, 2014 at 2:00 p.m.

IT IS SO ORDERED.

Date: February 13, 2014

Nathanael M. Cousins
United States Magistrate Judge